**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| SOCIETY FOR HUMAN RESOURCE MANAGEMENT, | |
| *Plaintiff,* | Case No. 1:26-cv-00914-AJT |
| v. | |
| ZAYO GROUP HOLDINGS, INC., | |
| *Defendant.* | |

**JOINT PROPOSED DISCOVERY PLAN**

The parties, through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), respectfully submit this Joint Proposed Discovery Plan to the Court.[1] The parties have conferred pursuant to Fed. R. Civ. P. 26(f) regarding the conduct of discovery in this case, and respectfully propose that the Court adopt the schedule and provisions described below.

1.      **Nature of Claims and Defenses/Possibility of Prompt Settlement.**  The Parties have considered and conferred regarding the nature and basis of their claims and defenses, as well as the possibilities for promptly settling or resolving the case.  No agreement has been reached.  The Parties will continue to discuss the possibility of settling or resolving this action

2.      **Pre-Discovery Disclosures.**  The parties will exchange disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26(A)(1) by July 8, 2026.

3.      **Motion to Dismiss.**  Defendant has already filed its Motion to Dismiss, which is pending before this Court and will be heard on July 15, 2026.

---

[1] On June 8, 2026, Defendant Zayo Group Holdings, Inc. filed its Motion to Dismiss Plaintiff's Complaint.  This Joint Proposed Discovery Plan assumes that Plaintiff's Complaint survives dismissal.  The Motion to Dismiss will be heard on July 15, 2026.

4.      **Dispositive Motions.**  All summary judgment briefs and other dispositive motions will be brought pursuant to Local Rule 56, such that a hearing may be scheduled within a reasonable time before the date of trial.

5.      **Joinder of Parties.**  The parties shall file motions for the joinder of new parties or the amendment of the pleadings no later than July 8, 2026.

6.      **Discovery.**

A.      All written discovery requests, including interrogatories, requests for production of documents and requests for admission shall be served no later than September 9, 2026.

B.      Interrogatories: Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court.  The objections shall be due fifteen (15) calendar days after service and the answers shall be due thirty (30) calendar days after service.

C.      Each party may take a maximum of five (5) non-party, non-expert depositions, without leave of court.  Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or Order of the Court.  The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and the parties.

D.      Document Subpoenas: The parties agree that if any documents are received from third parties pursuant to subpoena or FOIA request, the receiving party shall alert the other party to its receipt of such documents within five (5) business days of receipt and shall make the received documents available for inspection and copying.

7.      **Expert Witnesses.**

A.    Plaintiff shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before August 15, 2026.

B.    Defendants shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before September 15, 2026.

C.    Plaintiff shall disclose any rebuttal experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before September 30, 2026.

8.    **Electronically Stored Information ("ESI").**  The parties will produce discoverable electronically stored information ("ESI") in native format or in paper form if separately maintained in that manner, and will comply with all reasonable requests for a certain form or forms in which electrically stored information is to be produced, consistent with Fed. R. Civ. P. 34(b)(1)(C). The Parties have agreed to work together to develop a mutually agreeable protocol to manage electronic document discovery proportionate to the size and scope of the dispute.

9.    **Issues Regarding Privilege.**  Unless otherwise agreed, the parties shall serve a privilege log pursuant to Federal Rule 26(b)(5) on or before August 15, 2026.  The privilege log shall identify: (a) the date of the privileged information; (b) the author(s) of the privileged information (subject to a protective order); (c) the recipient(s) of the privileged information (subject to a protective order); (d) the subject matter of the privileged information; and (e) the basis of the claim of privilege.

10.    **Inadvertent Production of Privileged Material**: Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other privilege

protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party consistent with Federal Rule 26(b)(5)(B) and such returned or destroyed material shall be deleted from any litigation support or other database. The Parties agree they shall not use such documents during depositions or at trial and they shall not be disclosed to anyone who was not given access to them before the request to return or destroy. The party returning such documents may move the Court for an order compelling production of the material but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

11.   **Protective Order**: At this time, the Parties do not anticipate the production of highly confidential documents. Should the need arise, counsel will submit a separate stipulated proposed protective order to the Court.

12.   **Preservation and Retention of Documents.**  Counsel for the parties have instructed their clients to retain and preserve documents, information, and things (including ESI) that may be relevant to the subject matter of this lawsuit.

13.   **Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses.**  All pleadings, motions, and other papers that are filed are to be served electronically as provided by the Federal Rules and local rules.  In addition, the parties agree that they will serve by email or electronic file transfer all discovery requests and written responses and any

other papers that are not filed unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.

14.     **Deposition Designations.**  Pursuant to Federal Rule of Civil Procedure 26(a)(3)(A)(ii), the parties shall file deposition designations, if any, 14 days before the trial date, with any opposing party objections due seven days later.

15.     **Additional Issues.**

A.     At this point, the parties do not consent to trial before a Magistrate Judge.

B.     Counsel for the parties are open to discussing settlement of this matter.  If the parties reach a point where they believe that their discussions may be aided by a settlement conference with the presiding Magistrate Judge, they will arrange to schedule such a conference at a time convenient for the Court.

16.     **Initial Pre-Trial Conference.**  Because the parties are in agreement on the Joint Proposed Discovery Plan, the parties, through counsel, jointly request that the Court not hold a Rule 16(b) Initial Pretrial Conference, currently set for July 1, 2026.

17.     **Witnesses and Exhibits**: The disclosures required by Fed. R. Civ. P. 26(a)(3), a list of each Parties' exhibits to be used, and witnesses to be called at trial shall be filed and exchanged by the Parties on or before May 18, 2018. The Parties will exchange copies of the exhibits prior to the final pretrial conference scheduled to occur on May 18, 2018. Pursuant to the Court's Scheduling Order, the Parties will file any objections to exhibits within ten (10) days after the conference or else the exhibits shall stand as admitted into evidence. The Parties will deliver to the clerk of court an original of the exhibits pursuant to Local Rule 79(A).

18.     **Final Pre-Trial Conference**: The final Pretrial Conference will be held telephonically before the Court on Thursday, October 15, 2026 at 10am.

19.     **Trial**: Plaintiff expects this matter may be tried in less than two (2) days, to be set for a day certain within four (4) to eight (8) weeks of the Pretrial Conference. The Parties do consent to have a United States Magistrate Judge conduct the trial of this matter.

[signature page to follow]

Dated: June 24, 2026

Respectfully submitted,

<table>
<tr>
<td>

*/s/ Thomas M. Craig*

Thomas M. Craig, Esq. (VSB #58063)
Amanda Z. Sin, Esq. (VSB #99552)
Michael J. O'Leary, Esq. (admitted *pro hac vice*)
**Fluet**
1751 Pinnacle Drive, Suite 1000,
Tysons, VA 22102
T: (703) 590-1234
F: (703) 590-0366
asin@fluet.law
moleary@fluet.law
tcraig@fluet.law

*Counsel for Defendant*

</td>
<td>

*/s/ Samantha L. Brooks*

Samantha L. Brooks (VSB No. 91928)
**SEYFARTH SHAW LLP**
975 F St. NW
Washington, DC 20004
T: (202) 828-3560
F: (202) 828-5393
sbrooks@seyfarth.com

*Counsel for Plaintiff*

</td>
</tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2026, a true and correct copy of the foregoing has been

electronically filed with the Court via the Court's CM/ECF electronic filing system and served

upon the following counsel of record registered with CM/ECF:

Samantha L. Brooks, Esq.
SEYFARTH SHAW LLP
975 F St NW
Washington, DC 20004
T: (202) 463-2400
F: (202) 641-9209
sbrooks@seyfarth.com

/s/ Thomas M. Craig
Thomas M. Craig, Esq.