**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SOCIETY FOR HUMAN RESOURCE MANAGEMENT<br><br>    Plaintiff,<br><br>        v.<br><br>ZAYO GROUP HOLDINGS, INC. and ZAYO GROUP, LLC<br><br>    Defendants. | Civil Action No.  1:26-cv-00914-AJT |

## SHRM'S RESPONSE IN OPPOSITION TO ZAYO'S MOTION TO DISMISS

Plaintiff Society for Human Resource Management's ("SHRM") action rests on two straightforward points, both of which present questions of fact. First, apart from the 2022 Order Form of Zayo Group Holdings, Inc. and Zayo Group, LLC (collectively "Zayo") and its unfulfilled assurance to provide adequate service, no other agreement governed the parties' relationship. At the time, both parties understood this. Second, because Zayo failed to meet its obligations under that Order Form, and no other agreement governed, SHRM is entitled to at least $385,000 in damages.

Zayo's Response does not address the core allegations in SHRM's Complaint. Instead, it advances two arguments. First, although Zayo Group Holdings, Inc. is the parent of Zayo Group, LLC, Zayo contends SHRM named the wrong party. However, Zayo never raised this issue in its pre-suit dealings with SHRM, and to the extent that Zayo believes a different party should be named as the defendant in this action, that alleged deficiency can readily be remedied (and now has been remedied) by adding Zayo Group, LLC in an Amended Complaint. Second, Zayo disputes SHRM's allegation that no other agreement governed, but this is a disputed factual issue that the

court cannot resolve on the pleadings. At this early stage, and under Rule 12(b)(6), both arguments must fail.

As a consequence, SHRM respectfully requests that Zayo's Motion to Dismiss (ECF No. 9) be denied.

## I.   PERTINENT BACKGROUND

In light of Zayo's mischaracterizations, a brief recitation of the relevant facts is warranted. In September 2013, SHRM entered into an agreement with Zayo by executing a Master Services Agreement ("MSA"), Service Schedule Agreement, and a 2013 Service Order Form. ECF No. 1 ¶ 10. On May 18, 2018, SHRM terminated those agreements. *Id*. ¶ 12. Several years later, on May 25, 2022, SHRM and Zayo entered into a new agreement (the "2022 Order Form"). The parties understood that the 2022 Order Form was the only governing agreement, particularly because no other active agreement was referenced. This understanding is consistent with the "Contract Details," which referenced "Society for Human Resource Management MSA 2013-08-15," despite that agreement having been terminated, and did not reference any active agreement. *Id*. at ¶¶ 16–17.

Under the 2022 Order Form, Zayo agreed to provide internet service to SHRM. That service functioned adequately until February 21, 2025, at 10:47 a.m., when a service outage affected the Washington, D.C., Virginia, and Maryland region. *Id*. at ¶ 18. The outage was not resolved until February 22, 2025. According to Zayo, the outage was caused by a fire in an underground vault. As a result of the disruption, SHRM's more than 340,000 members experienced significant operational impacts, and SHRM suffered damages of at least $385,000. Upon information and belief, correspondence and knowledge regarding Zayo's service failure involved employees of Zayo Group Holdings, Inc. and/or its subsidiary, Zayo Group, LLC.

Following the outage, SHRM's counsel made efforts to resolve the dispute with Zayo. Over the course of approximately nine months, Zayo's counsel and representatives, including employees of Zayo Group Holdings, Inc., represented that they had authority over the service agreement and its resolution. When those efforts proved unsuccessful, SHRM filed this action.

## II.     LEGAL STANDARD

"The purpose of a 12(b)(6) motion is to test the sufficiency of a complaint; importantly a 12(b)(6) motion does not resolve contest surrounding the facts, the merits of the claim, or the applicability of the defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). "A motion to dismiss for failure to state a claim requires the Court to view all facts alleged in the complaint in a light most favorable to the non-moving part, but does not require it to accept the legal conclusions drawn from those facts." *Roberts v. Shaw Grp., Inc.*, No. CIV A 3:08CV046-HEH, 2008 WL 2686787, at *1 (E.D. Va. July 8, 2008).

## III.     ARGUMENT

Zayo's Motion to Dismiss fails for two reasons. First, although Zayo Group Holding, LLC is the parent of Zayo Group, LLC and acts on its behalf, SHRM has filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15 in the interest of judicial efficiency. *See* Amended Complaint filed concurrently herewith. This amendment resolves Zayo's argument regarding the proper party. Second, Zayo's assertion that the terminated August 15, 2013 MSA was incorporated by reference is incorrect and, in any event, presents a question of fact.

### A.     SHRM's Amended Complaint Establishes a Breach of Contract

SHRM has adequately pleaded a breach of contract. Zayo first argues that Zayo Group Holdings, Inc. cannot be held liable for obligations allegedly undertaken by Zayo Group, LLC. While SHRM preserves its position that Zayo Group Holdings, Inc. may be liable as an alter ego,

SHRM, in the interest of judicial efficiency, has filed an Amended Complaint naming Zayo Group, LLC as a defendant. The Federal Rules expressly permit this amendment. *See* Fed. R. Civ. P. 15(a)(1)(noting that "a party may amend its pleading once as a matter of course" "if the pleading is one to which a responsive pleading is required, 21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12 (b), (e), or (f), which is easier.").

The 2022 Order Form reflects that Zayo agreed to provide ongoing internet service. (ECF No. 1-5.) Between February 21, 2025, and February 22, 2025, Zayo failed to meet those obligations, thereby breaching the agreement. As a result of that breach, SHRM filed this action, which should be sustained. SHRM therefore respectfully requests that the Court deny Zayo's Motion to Dismiss.

**B.      The Issue of Whether the 2013 MSA Was Incorporated By Reference Is A Disputed Issue of Fact.**

Zayo argues, without legal support, that SHRM's breach of contract claim fails because the 2022 Service Order purportedly incorporates a terminated 2013 Master Services Agreement. That argument fails at the outset. Whether the 2013 MSA was incorporated is a disputed issue of fact and, in any event, is not dispositive of SHRM's breach of contract claim.

Zayo's position also disregards both SHRM's allegations and governing law. SHRM expressly alleges: "Other than the 2022 Order Form, SHRM did not enter into any written or oral agreement with Defendant." ECF No. 1 ¶ 17. Consistent with that allegation, SHRM maintains that, at the time the parties entered into the 2022 Service Order, the parties understood that (1) the 2013 MSA had been terminated and was no longer effective, and (2) the 2022 Service Order was the sole governing agreement. To be clear, it is SHRM's position that it did not intend to revitalize the terminated 2013 MSA when entering into the 2022 Service Order.  Incorporation by reference requires clear evidence that the parties had knowledge of and assented to the incorporated terms. *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996). Under Virginia law, course of

- 4 -

dealing may inform whether parties mutually assented to contractual terms. *See, e.g., Cardinal Dev. Co. v. Stanley Constr. Co*., 255 Va. 300, 497 S.E.2d 847 (1998).

At a minimum, determining whether the parties intended to incorporate the terminated MSA requires factual development regarding their dealings and intent, which cannot be resolved on a motion to dismiss. *See Bd. of Trs., Sheet Metal Workers' Nat. Pension Fund v. DCI Signs & Awnings, Inc.,* No. 1:08CV15 (JCC), 2008 WL 4329294  (E.D. Va. Sept. 15, 2008)("[i]t is well settled that the factors to be considered in answering this question are: the time and place of acceptance, the time and place of performance, and the character of the performance.").  Moreover, the incorporation question bears, at most, on the scope of applicable terms or damages, not on the viability of SHRM's breach of contract claim. The 2022 Order Form itself reflects an agreement to provide services, and SHRM plausibly alleges that Zayo breached that agreement.

Finally, the Order Form's conditional language confirms that no prior agreement governed absent an operative MSA. ECF No. 1 ¶ 15 (noting that "[i]f Customer has not executed an Agreement and/or no Agreement is referenced" then only then would the 2022 Order Form be governed by the terms and conditions of Zayo's MSA). Because the 2013 MSA had been terminated, the parties understood the 2022 Order Form to stand alone as the governing contract. *See* ECF No. 1 at ¶ 15.

The cases Zayo relies on are inapposite. In both *Liquid Magnetix Corp. v. Therma-Stor LLC* and *Plum Creek Wastewater Auth. v. Aqua-Aerobic Sys., Inc*., the agreements at issue referenced forum selection clauses contained in existing agreements between the same parties, not a previously terminated agreement that both parties understood no longer governed at the time of contracting. *See* 13-CV-3151-WJM-KMT, 2014 WL 1389984, at *1 (D. Colo. Apr. 9, 2014); 597 F. Supp. 2d 1228, 1230 (D. Colo. 2009). Unlike those cases, SHRM alleges that the parties

understood the terminated 2013 MSA would not govern their relationship and proceeded on that basis. Accordingly, SHRM respectfully requests that for this reason as well, should reject Zayo's Motion to Dismiss.

      **C.     Zayo Improperly Relies on Inapplicable Provisions of the 2013 MSA.**

Zayo devotes significant attention to provisions of the 2013 MSA that do not apply here. First, Zayo argues that SHRM's claims are barred by the statute of limitations based on the premise that the MSA governs. ECF No. 9 at pg. 12. For the reasons already discussed, SHRM disputes the applicability of the MSA. *See* supra § III.B. If, as SHRM alleges, the defunct MSA was not revitalized, it does not control, and SHRM's claims are well within the applicable limitations period. *See* Va. Code Ann. § 8.01-246(2) (establishing a 5 year statute of limitations to bring a breach of contract claim); Colo. Rev. Stat. § 13-80-101(1)(a)(establishing a 3 year statute of limitations to bring a breach of contract claim). After months of attempting to resolve this dispute in good faith, SHRM timely filed this action.

Second, Zayo invokes the MSA's force majeure clause. Even if the MSA governed the parties (which SHRM disputes), this argument is premature. SHRM disputes that any force majeure event occurred, and discovery will address the circumstances surrounding Zayo's service disruption, including its alleged role in causing the underlying incident. At this stage, such defenses are not properly resolved. *Kansas City Power & Light Co. v. Pittsburg & Midway Coal Mining Co.*, No. 88-2224 S., 1989 WL 151919, at \*2-4 (D. Kan. Nov. 17, 1989) (finding material questions of fact as to whether nonperformance was excused by force majeure event).

Third, Zayo contends that the MSA limits SHRM's recoverable damages. That argument again depends on the disputed applicability of the MSA. Whether the MSA governs, and whether any of its provisions are enforceable, are questions that cannot be resolved on a motion to dismiss. *See Vista Holdings, LLC v. BSB Design, Inc.*, No. 7:24-CV-822, 2025 WL 1939590, at \*5 (W.D.

- 7 -

Va. July 15, 2025) (noting that assessing damages "requires the court to understand certain facts about the case").

For these reasons, the Court should disregard Zayo's reliance on the 2013 MSA in evaluating the Motion to Dismiss

## IV.    CONCLUSION

For the reasons stated herein, SHRM respectfully requests that Defendant's Motion to Dismiss be denied.

DATED:  June 25, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Samantha L. Brooks*
    Samantha L. Brooks (VSB No. 91928)
    SEYFARTH SHAW LLP
    975 F St. NW
    Washington, DC 20004
    sbrooks@seyfarth.com
    Telephone: (202) 828-3560
    Facsimile: (202) 828-5393

    Daniel P. Hart (to be admitted *pro hac vice*)
    Georgia Bar No. 141679
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, GA 30309
    dhart@seyfarth.com
    Telephone: (404) 885-1500
    Facsimile: (404) 892-7056

    Mitchell A. Robinson (to be admitted *pro hac vice*)
    mrobinson@seyfarth.com
    SEYFARTH SHAW LLP
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, Georgia  30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

    ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

SOCIETY FOR HUMAN RESOURCE
MANAGEMENT

    Plaintiff,

       v.

ZAYO GROUP HOLDINGS, INC. and ZAYO
GROUP, LLC.

    Defendants.

Civil Action No.  1:26-cv-00914-AJT

## CERTIFICATE OF SERVICE

I hereby certify that I caused *SHRM's Response in Opposition to Zayo's Motion to Dismiss* to be filed on June 25, 2026, via ECF to the following counsel of record:

Thomas Mitchell Craig
Amanda Zin Ming Sin
Michael Joseph O'Leary
Fluet & Associates, PLLC
1751 Pinnacle Drive - Suite 1000
Tysons, VA 22102

*/s/ Samantha L. Brooks*
Samantha L. Brooks